KAEMPFER *v.* LINDSAY.

PRINCIPAL AND AGENT — DISCRETIONARY POWERS — QUESTION FOR
JURY.

In an action for a deficiency arising under a contract whereby
plaintiff agreed to use his best efforts, for a term of three
years, to introduce to the trade an article of defendant's
manufacture, and defendant agreed to pay to plaintiff a
stated sum monthly for his services, and an equal sum
for advertising, to be expended as he (plaintiff) might deem
most advantageous, and to pay the deficiency in case the
sales for any month should be insufficient to cover the allow-
ance for services and advertising, it was a proper question for
the jury, it appearing that plaintiff, during the month in
which the deficiency arose, expended very little for advertis-
ing, whether he limited such expenditure in the honest exer-
cise of the discretion which the contract reposed in him.

Error to Wayne; Lillibridge, J. Submitted June 9,
1899. Decided September 27, 1899.

*Assumpsit* by Jacob Kaempfer against Archibald G.
Lindsay upon a contract for services. From a judgment
for plaintiff, defendant brings error. Affirmed.

*Wilkinson, Post & Oxtoby,* for appellant.

*Hatch, Hatch & Chapman,* for appellee.

MOORE, J. In February, 1897, defendant, a resident
of Detroit, was a manufacturer of blankets called the
"Fiber-Cloth Blanket." It was a new article, which the
defendant wished to introduce to the trade, and he made
an arrangement with the plaintiff, who is a resident of
New York, which was as follows:

"This agreement, made this eighteenth day of February,
1897, between the Sable Fiber Company, of Detroit, Mich-
igan, party of the first part, and J. Kaempfer, of the city,
county, and State of New York, party of the second part,
witnesseth: That the said party of the first part appoints

the said party of the second part its selling agent for fiber-cloth blankets in the city of New York, including Brooklyn, Jersey City, and vicinities. That the said party of the first part agrees to furnish said party of the second part with its fiber-cloth blankets in such quantities as he may require and call for, not exceeding, however, three hundred per day. That the said party of the first part agrees to pay the said party of the second part the sum of one hundred dollars per month for advertising, and one hundred dollars per month for store rent and personal services of any and all kinds; the amount paid for advertising to be expended by the party of the second part as he may deem most advantageous for the sale of the blankets. The said party of the first part agrees to bill the fiber-cloth blankets to the said party of the second part at forty cents each, f. o. b. cars New York, including cartage, and to fill his orders at the same price, and at the same rate of freight, to any point in the United States where the territory is not occupied.

"The said party of the second part agrees to receive from the said party of the first part its fiber-cloth blankets as above set forth, and, as its selling agent in the territory named, to use his best endeavors to introduce the same to the public through his stores in New York, and through all appropriate channels at his command, to sell as many goods as possible, and to maintain a minimum retail price of not less than seventy-five cents each. The party of the second part will make a statement at close of each month, and send same to the said party of the first part at Detroit, Michigan, so that it may reach said party of the first part by the fifteenth day of the month succeeding that for which statement is made, and accompanying said statement with check for amount due on sales of said month. Should, however, the sales of said month, or of any month, not be sufficient to pay the amount of two hundred dollars per month hereinbefore provided for, then the said party of the second part shall draw on the said party of the first part for the amount of deficiency.

"This agreement shall be for the term of three years from the first day of March, 1897, ending the twenty-eighth day of February, 1900.

"On and after March first, 1898, the said party of the second part agrees to take from the party of the first part, and pay for same at the price named and in the manner herein provided for, five hundred blankets per month as a minimum quantity. In case the said party of the second

part does not take the said minimum quantity of five hundred blankets per month after the first day of March, 1898, then this agreement shall cease and come to an end, and become canceled, null, and void.

"It is the intention of the parties to this agreement to introduce to the public the fibre-cloth blanket, to promote and encourage its sale, and each agrees to work to that end, mutually helping each other."

After the making of the contract, the parties entered upon its execution. The sales of March, 1897, were not sufficient in amount to pay plaintiff $100 for services and store rent and $100 for advertising. About the middle of April, Mr. Kaempfer drew upon Mr. Lindsay for the deficiency for the month of March, and his draft was honored. May 1st he made a statement for the month of April, which showed, after crediting the sales, a deficiency of $170.20, for which amount he drew on Mr. Lindsay, and his draft was refused. He made a like statement the middle of June for the month of May, showing a deficiency of $181.18, and drew upon Mr. Lindsay. His draft was again refused. It is to recover these amounts that this suit was brought.

Upon the trial plaintiff claimed he was entitled to the full amount of $100 for advertising each month, whether he actually spent it that month or not, he expecting to spend it later, when the season made it desirable to expend more than $100 in a given month. The court held he could not receive in any month for advertising more than he had actually expended in that month. Under this ruling, the plaintiff admitted he could not recover any amount for advertising in this action, because of the amount paid him in April. A verdict was rendered for the plaintiff of $163.46, which was for services and store rent, less the credits for goods sold. The case is brought here by the defendant.

The assignments of error relate to the admission of testimony contained in the deposition of the plaintiff, and to the construction given to the contract by the court.

The testimony of the plaintiff was taken upon direct

and cross interrogatories. It is claimed that, in answer to the direct interrogatories, the plaintiff swore to a conclusion, and also gave testimony based upon hearsay; and that, in answer to the cross interrogatories, he volunteered testimony, and deprived the defendant of the benefit of cross-examination. I think these contentions are true; but the other Justices are all of the opinion that the testimony improperly admitted was not so material and prejudicial as to make its admission reversible error.

Defendant claims the plaintiff was just as much bound under the contract to advertise substantially to the amount of $100 each month as he was to furnish a store and perform other services, and, inasmuch as he had spent but little money in April for advertising, and none in May, the court was not justified in submitting to the jury the question whether the plaintiff had kept his contract. It is the claim of the plaintiff that, under the contract, a large discretion was reposed in him about the manner and the amount of the advertising which he was to do; that it would not have been a proper exercise of his discretion to spend as much money in April and May advertising the goods, the market for which would not be until cold weather set in, as to spend large sums later. He asserts he acted in good faith, using his best judgment in the advertising, and would have done more in that direction if defendant had not himself broken the contract by refusing to honor his drafts.

The contract was for three years. Nothing was said as to how the advertising should be done,—whether by means of circulars and cards, or by the insertion of advertisements in magazines and newspapers,—but a large discretion was reposed in the plaintiff.

"The amount paid for advertising to be expended by the party of the second part as he may deem most advantageous for the sale of the blankets."

The contract provides:

"In case the said party of the second part does not take the said minimum quantity of five hundred blankets per

month after the first day of March, 1898, then this agreement shall cease and come to an end, and become canceled, null, and void."

It also provides that each of the parties shall work and do what he can to promote the selling of the blankets, mutually helping each other; but it does not provide that, if plaintiff did not expend for advertising in. any one month just $100, the defendant could cancel the contract, and such interpretation ought not to be put upon it. By its terms it became the duty of the plaintiff to expend such sums of money, not exceeding the amount placed at his disposal, for advertising, as he in good faith deemed most advantageous for the sale of the blankets. When the money was so expended, if the sales were not sufficient to reimburse the plaintiff, it was the duty of the defendant, upon receipt of the statement provided for in the contract, to pay the deficiency. The court submitted the question in the following language:

"But the defense in this case is that Kaempfer did not exercise good faith in advertising and in placing these goods upon the market. The defense is that Kaempfer refused or neglected to exercise the discretion which the contract vested in him for advertising and in placing these goods upon the market; and the defense is that, since Kaempfer refused and neglected to go on and advertise, and exercise the discretion which the contract reposed in him, and thereby violated the contract in so far as the advertising and the placing of the goods on the market is concerned, therefore the defendant is excused from the payment of the $100 a month, payable to him for personal services and storage. Now, that is the principal fact which is to be submitted to you in this case. The contract is one entire contract; it is not separated; the two features of the contract must be construed together. It was Kaempfer's duty, under this contract, to go on and exercise a reasonable discretion in advertising and placing these goods upon the market; to do precisely what this contract says,— to use his best endeavors to introduce the same.to the public through his stores in New York, and through all proper channels at his command, and to exercise a reasonable discretion in the advertising,

—which he did. Now, it is claimed on the part of the plaintiff that he did. It is claimed, and you have heard the deposition of Kaempfer read to you, as to the advertising, that he did perform the terms of the contract, viz., that he used every reasonable means which were within his reach to introduce these new goods to the trade,—got traveling men, put circulars in all his packages, displayed goods in the windows, and in all the different manners and forms the testimony shows that Kaempfer used to introduce these goods, and that he did perform the contract, and it is claimed on the part of the plaintiff that the discretion he used in the matter of advertising was proper and right, and in that respect he performed and fulfilled the terms of the contract.

"On the other hand, it is claimed that Kaempfer did not, and defendant's reliance is largely upon what he claims was the failure of Kaempfer to advertise more extensively than he did; and his claim is that this was a new product, and that, in the exercise of the discretion the contract vested in him, he should have advertised more extensively than he did, and that his conduct, taking into consideration the amount of advertising he did, amounted to a refusal and neglect to perform that part of the contract. His claim is that plaintiff did not exercise the discretion of advertising which the contract reposed in him; therefore he violated the contract, and defendant is excused from paying the claim for the month of April and the month of May. Now, that is the substance, the great and principal question of fact in this case, and that is what you have to decide. I want to say to you that this contract reposes a certain discretion in Kaempfer. You are not to put yourself in place of it, but you may say whether Kaempfer exercised that discretion or not; if he did, you have nothing to do with it, nor have I. If he exercised the discretion he was responsible for, you cannot exercise your discretion; but you may say, in the light of the testimony in this case, whether he did exercise the discretion which the contract vested in him."

We think this a proper interpretation of that feature of the contract, and that the court did not err in submitting the question as to its performance by the plaintiff to the jury.

Judgment is affirmed.

The other Justices concurred.